UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION
CASE NO.

Michelle Brown, Camille Tate,
Tanasia James, and Dunte Laramore

      Plaintiffs,

v.

Western Management Consultants, LLC,
Charles Gilley, Justin Lawrence, and Mark Nonsant

      Defendants.
_____/

## COMPLAINT

Plaintiffs, Michell Brown, Camille Tate, Tanasia James, and Dunte Laramore, by and through their undersigned attorney, files this Complaint against Defendants, Western Management Consultants, LLC, Charles Gilley, Justin Lawrence, and Mark Nonsant (collectively "Defendants"), and state as follows:

### PARTIES, VENUE, and JURISDICTION

1. This is an action to recover unpaid minimum wages under the Fair Labor Standards Act, as amended, 29 U.S.C. § 206, (hereinafter "FLSA") and unpaid wages as breach of contract and Florida common law.

2. The court has jurisdiction based on 29 U. S.C. §216(b).

3. Plaintiffs, Michelle Brown, Camille Tate, Tanasia James and Dunte Laramore, were employees of Defendants. They were paid by Defendants, performed work for Defendants, and the individual Defendants gave them regular instruction on how to perform their jobs

and were responsible of how and if Plaintiffs received their pay.  Plaintiffs were made to call individuals about their debts owed to encourage payment.

4. Defendant Western Management Consultants LLC is a Florida Limited Liability Company running its business out of Jacksonville, FL.  The business specializes in debt collection and other credit related services.  By way of operating this business, Defendants are engaged in commerce or in the production of goods for commerce as defined in §3(r) and 3(s) of the FLSA, 29 U.S.C. §203(r) and 203(s).  Defendant operated at least two locations in Jacksonville and Merritt Island, Florida.

5. Defendant Charles Gilley is the primary owner and manager of the Corporate Defendant and runs the business's general operations. He was responsible for paying (and not paying) Plaintiffs.  He is considered an employer of Plaintiffs under the FLSA.

6. Defendant Justin Lawrence is believed to be an owner and manager of the Corporate Defendant.  He was responsible for paying (and not paying) Plaintiffs as well as instructing them on their daily tasks.  He is considered an employer of Plaintiffs under the FLSA.

7. Defendant Mark Nonsant is believed to be an owner and manager of the Corporate Defendant.  He had responsibility for paying (and not paying) Plaintiffs and made Zelle payments from his personal account to Plaintiffs after their termination.

8. Defendants have two or more employees who handle, sell, or otherwise work on goods or materials that have been moved in or produced for commerce.

9. Upon information and belief, Defendants exceed the $500,000 annual gross revenue threshold needed to be a covered enterprise under the FLSA.

10. Therefore, Defendants are an enterprise covered under the FLSA.

11. Additionally, Plaintiffs are individuals covered under the FLSA.  As part of their work for

Defendants, they regularly processed credit cards and other transactions from out of state customers as well as answer and make calls on the telephone from out of state individuals in order to collect monetary debts. These are forms of interstate commerce.

12. This Court has jurisdiction over Defendants because they engage in substantial business activity within the District, Plaintiffs were employed in the District, and all of the allegations in this Complaint occurred in the District.

13. Venue is proper due to the unlawful employment practices alleged occurring in the county of Brevard.

## FACTS

14. Plaintiffs were hired at various times by Defendants and were all employed by Defendants in December 2022 at Defendants' Merritt Island location at 375 S. Courtenay Parkway in Suite 7.

15. Plaintiffs were scheduled to work approximately 35 hours per week and did so. Plaintiffs were scheduled by Mr. Lawrence and Mr. Nonsant.

16. For this work Plaintiffs contracted to be $15 per hour.

17. Plaintiffs were to be paid every two weeks.

18. Plaintiffs worked the weeks of December 11 to the 24th of 2022 but were not paid on December 25th as the payment schedule dictated. Defendants had paid Plaintiffs late previously. That along with promises from Mr. Nonsant and Mr. Lawrence that they would be paid convinced Plaintiffs to continue to work.

19. Plaintiffs then dutifully worked another two weeks. On January 8, 2023 Defendants failed to pay owed wages again and still had not made full payment from the previous pay period.

20. This time Mr. Nonsant and Mr. Gilley assured Plaintiffs via text message that they would

be paid. Mr. Nonsant further explained that there was a problem with the roof of the building and that they all should not come in. Plaintiffs began questioning the accuracy of this along with what was going on with payment. Plaintiffs threatened legal action about not getting paid and were then removed from the WhatsApp chat.

21. As of this filing, Defendants have failed to pay Plaintiffs their owed wages totaling approximately $2100 each.

22. The FLSA mandates that employees are to be paid a minimum wage for their work. The minimum wage in Florida beginning September 2022 is $11 per hour.

23. Plaintiffs entered into a contract with the Corporate Defendant agreeing to be paid $15 per hour for work.

24. By Plaintiffs working and the Corporate Defendant failing to pay wages, Corporate Defendant has breached its contracts with Plaintiffs.

25. Defendants knowingly and willfully failed to pay Plaintiffs their lawfully earned wages in compliance with the FLSA and Florida contract law and is liable for monetary damages.

26. Records of the number of hours worked each week by each Plaintiff are required to be in possession of Defendants.

27. In determining payment policies, specifically not paying minimum or owed wages to their employees, Defendants did not consult an attorney.

28. In determining payment policies, specifically not paying minimum or owed wages to employees, Defendants did not consult an accountant.

29. By intentionally failing to properly determine how minimum wage laws apply to Plaintiffs, Defendants have shown reckless disregard for the FLSA. Due to this, Defendants are liable for an additional equal amount of damages to Plaintiffs in the form of liquidated damages.

30. Plaintiffs have hired the undersigned attorney and law firm to represent them in this matter and are obligated to pay attorney's fees.

## COUNT I
## VIOLATION OF 29 U.S.C. § 206 - FAILURE TO PAY MINIMUM WAGE
### (All Defendants)

31. Plaintiffs repeat and reallege Paragraphs 1 through 30 as if fully set forth herein.

32. Under 29 U.S.C. §206, Defendants are required to pay a minimum wage to their employees.

33. During the time period of December 3, 2022 through December 30, 2022 Plaintiffs were not compensated at the required minimum wage for the state of Florida.

34. During the time Plaintiffs worked for Defendants, the minimum wage for the state of Florida was $11 per hour.

35. During this period, Plaintiffs worked approximately 35 hours per week and were not paid at all for this work.

36. The amount of pay and hours of work came to an hourly rate of $0 for these weeks.

37. Plaintiffs are owed for approximately 140 hours of unpaid work.

38. Plaintiffs were paid below minimum wage.  The amount of $1540 is owed to Plaintiffs in unpaid minimum wages plus an additional equal amount in liquidated damages and attorney's fees.

39. Individual Defendants are considered employers under the FLSA and individually for the payment of minimum wages to Plaintiffs due to their responsibility for the payment and nonpayment of wages to Plaintiffs.

## COUNT II
## BREACH OF CONTRACT – UNPAID WAGES
### (Corporate Defendant)

40. Plaintiffs repeat and reallege Paragraphs 1 through 30 as if fully set forth herein.

41. Plaintiffs agreed to work for Corporate Defendant for a wage of $15 per hour.

42. Corporate Defendant agreed to pay Plaintiffs $15 per hour for their work.

43. By the parties agreeing to this wage and Plaintiffs performing their work, parties entered into a binding employment contract.

44. Corporate Defendant failed to pay Plaintiffs at a rate of $15 per hour for each hour that they worked.  Corporate Defendant has breached the contract.

45. Corporate Defendant has failed to pay approximately $2100 to each Plaintiff in wages.

46. Due to Corporate Defendant's breach of contract, Plaintiffs have suffered damages.

47. In addition to these damages, Plaintiffs are entitled to attorney's fees under Florida Statute 448.08.

WHEREFORE, Plaintiffs, Michelle Brown, Camille Tate, Tanasia James, and Dunte Laramore, respectfully request that judgment be entered in their favor against Defendants as follows:

A. Declaring that Defendants violated the minimum wage provisions of 29 U.S.C. § 206;

B. Awarding Plaintiffs minimum wage compensation to be paid by all Defendants;

C. Awarding Plaintiffs liquidated damages to be paid by all Defendants;

D. Awarding Plaintiffs unpaid wages for breach of contract against Corporate Defendant, Western Management Consultants Inc.;

E. Awarding Plaintiffs reasonable attorney's fees and costs pursuant to 29 U.S.C. § 216(b) to be paid by all Defendants

F. Awarding Plaintiffs reasonable attorney's fees pursuant to Florida Statute 448.08 to be paid by Corporate Defendant, Western Management Consultants Inc.;

G. Awarding Plaintiffs post-judgment interest; and

H. Ordering any other and further relief this Court deems to be just and proper.

**JURY DEMAND**

Plaintiffs demand trial by jury on all issues so triable as of right by jury.

Dated: February 10, 2023.

                                                                            Respectfully submitted,

                                                                            _/s/ R. Edward Rosenberg_
                                                                            R. Edward Rosenberg, Esquire
                                                                            Fla. Bar No.: 88231
                                                                            Sorondo Rosenberg Legal PA
                                                                            1825 Ponce de Leon Blvd. #329
                                                                            Coral Gables, FL 33134
                                                                            E: rer@sorondorosenberg.com
                                                                            T: 786.708.7550
                                                                            F: 786.204.0844

                                                                            Attorney for Plaintiffs