UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

MICHELLE BROWN, CAMILLE
TATE, TANASIA JAMES, and
DUNTE LARAMORE,

        Plaintiffs,

v.                                                                                      Case No: 6:23-cv-236-RBD-EJK

WESTERN MANAGEMENT
CONSULTANTS, LLC, CHARLES
GILLEY, JUSTIN LAWRENCE,
and MARK NONSANT,

        Defendants.

### ORDER

This cause comes before the Court on the Second Motion for Settlement Approval and Dismissal with Prejudice (the "Motion"), filed July 14, 2023. (Doc. 18.) Upon consideration, the Motion is due to be denied without prejudice.

On February 10, 2023, Plaintiffs instituted this action against Defendants pursuant to the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. § 206, for failure to pay them the minimum wage. (Doc. 1.) Additionally, Plaintiffs assert a related state law claim for breach of contract for unpaid wages. (*Id.* at 6–7.) In the Complaint, Plaintiffs state they were hired by Defendants in December 2022 and were not adequately compensated for their work. (*Id.* at 4.) On May 12, 2023, the parties filed their Initial Motion for Settlement Approval (Doc. 14), which the undersigned denied without prejudice on June 23, 2023. (Doc. 17.) Thereafter, the parties filed the

instant Motion, seeking approval of their settlement agreement ("Settlement Agreement") pursuant to *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354–55 (11th Cir. 1982).

The Settlement Agreement provides that Defendants will pay Plaintiffs the following unpaid wages and liquidated damages for work during the relevant time period:

- Plaintiff Michelle Brown – $277.38 in unpaid wages and $277.37 in liquidated damages, for a total of **$554.75**.

- Plaintiff Camille Tate – $307.50 in unpaid wages and $307.50 in unpaid wages, for a total of **$615.00**.

- Plaintiff Tanasia James – $391.12 in unpaid wages and $391.12 in liquidated damages, for a total of **$782.25**.

- Plaintiff Dunte Laramore – $379.88 in unpaid wages and $379.87 in liquidated damages, for a total of **$759.75**.

Under 29 U.S.C. § 216(b), an employee damaged by a violation of the FLSA is entitled to unpaid minimum wages or unpaid overtime compensation, plus an additional, *equal* amount, as liquidated damages (emphasis added). While there is a difference of only one cent between the amounts of liquidated damages to be paid to Plaintiffs Michelle Brown and Dunte Laramore and the amounts of unpaid wages they will receive, that one cent difference nevertheless exists, and the parties have not explained why that difference exists or provided case law to justify settlement approval despite the one-

cent difference. Accordingly, the undersigned is unable to determine whether the monetary terms of the proposed settlement agreement are fair and reasonable pursuant to *Lynn's Food Stores*, and the parties will have to spend more than a penny's worth of time to revise their Motion, Settlement Agreement, or both. *See Nelson v. Petro Gate, Inc.*, No. 2:19-cv-272-FtM-38MRM, 2019 WL 4195686, at * 2 (M.D. Fl. Aug. 19, 2019) (denying motion for settlement agreement in part because the proposed amount of liquidated damages was not equal to the amount of unpaid wages).

Upon consideration of the foregoing, it is hereby **ORDERED** that the Second Motion for Settlement Approval and Dismissal with Prejudice (Doc. 18) is **DENIED without prejudice**. The parties may file a renewed motion that addresses the issues set forth in this Order **on or before August 7, 2023**.

**DONE** and **ORDERED** in Orlando, Florida on July 24, 2023.

EMBRY J. KIDD
UNITED STATES MAGISTRATE JUDGE