**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**MICHELLE BROWN, CAMILLE TATE, TANASIA JAMES, and DUNTE LARAMORE,**

**Plaintiffs,**

**v.** **Case No: 6:23-cv-236-RBD-EJK**

**WESTERN MANAGEMENT CONSULTANTS, LLC, CHARLES GILLEY, JUSTIN LAWRENCE, and MARK NONSANT,**

**Defendants.**

## REPORT AND RECOMMENDATION

This cause comes before the Court on the parties' Third Motion for Settlement Approval and Dismissal with Prejudice (the "Motion"), filed August 8, 2023. (Doc. 22.) Upon consideration, I respectfully recommend that the Motion be granted.

## I. BACKGROUND

On February 10, 2023, Plaintiffs instituted this action against Defendants alleging unpaid minimum wage claims in violation of the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. § 206, and Florida's common law. (Doc. 1.) Plaintiffs began working for Defendants in December 2022, for approximately 35 hours per week at $15 per hour to be paid biweekly. (*Id.* at 1.) Plaintiffs alleged that they were paid no wages for days worked between December 11, 2022, and January 8, 2023. (*Id.*) However, the parties have negotiated a compromise and settlement of Plaintiffs'

claims and filed a motion for approval of their settlement agreement (the "Settlement Agreement"), pursuant to *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354–55 (11th Cir. 1982). (Doc. 22-1.)

## II. STANDARD

"The principal congressional purpose in enacting the Fair Labor Standards Act of 1938 was to protect all covered workers from substandard wages and oppressive working hours, 'labor conditions [that are] detrimental to the maintenance of the minimum standard of living necessary for health, efficiency and general well-being of workers.'" *Barrentine v. Arkansas-Best Freight Sys., Inc.*, 450 U.S. 728, 739 (1981) (alteration in original) (quoting 29 U.S.C. § 202(a)). "Any employer who violates the provisions of section 206 or section 207 of [the FLSA] shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, . . . and in an additional equal amount as liquidated damages." 29 U.S.C. § 216(b). Section 206 establishes the federally mandated minimum hourly wage, and § 207 prescribes overtime compensation of "one and one-half times the regular rate" for each hour worked in excess of forty hours during a given workweek. The provisions of the FLSA are mandatory and "cannot be abridged by contract or otherwise waived." *Barrentine*, 450 U.S. at 740. To permit otherwise would "'nullify the purposes' of the [FLSA] and thwart the legislative policies it was designed to effectuate." *Id.* (quoting *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 707 (1945)).

The parties seek judicial review and a determination that their settlement is a "fair and reasonable resolution of a bona fide dispute" over FLSA issues. *See Lynn's Food Stores*, 679 F.2d at 1354–55. If a settlement is not supervised by the Department of Labor, the only other route for a compromise of FLSA claims is provided in the context of suits brought directly by employees against their employers under § 216(b) to recover back wages for FLSA violations. *Id.* at 1353. "When employees bring a private action for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness." *Id.*

The Eleventh Circuit has held that "[s]ettlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context." *Id.* at 1354. In adversarial cases:

> The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute; we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Id.*

When evaluating an FLSA settlement agreement, the district court considers whether the settlement is fair and reasonable to the employee, or "internal" factors, and whether the settlement frustrates the purpose of the FLSA, or "external" factors. *Dees v. Hydradry, Inc.*, 706 F. Supp. 2d 1227, 1241 (M.D. Fla. 2010); *Moreno v. Regions Bank*, 729 F. Supp. 2d 1346, 1350–51 (M.D. Fla. 2010). Factors considered "internal" include: "(1) the existence of fraud or collusion behind the settlement; (2) the complexity, expense, and likely duration of the litigation; (3) the stage of the proceedings and the amount of discovery completed; (4) the probability of plaintiffs' success on the merits; (5) the range of possible recovery; and (6) the opinions of the counsel." *Hamilton v. Frito-Lay, Inc.*, No. 6:05-CV-592-ORL-22JGG, 2007 WL 328792, at *2 (M.D. Fla. Jan. 8, 2007). There is a "'strong presumption' in favor of finding a settlement fair." *Id.* (quoting *Cotton v. Hinton*, 559 F.2d 1336, 1331 (5th Cir. 1977)).[1]

## III. DISCUSSION

### A. Settlement Sum

The Settlement Agreement indicates that Defendants have agreed to pay Plaintiffs the following unpaid wages for work during the relevant time period:

- Plaintiff Michelle Brown – $277.38 in unpaid wages and $277.38 in liquidated damages, for a total of $554.76.
- Plaintiff Camille Tate – $307.50 in unpaid wages and $307.50 in unpaid wages,

[1] *See Bonner v. City of Prichard, Ala.*, 661 F.2d 1206, 1209 (11th Cir. 1981) (holding all decisions from the Fifth Circuit handed down prior to October 1, 1981, are binding on the Eleventh Circuit).

for a total of $615.00.

- Plaintiff Tanasia James – $391.13 in unpaid wages and $391.13 in liquidated damages, for a total of $782.26.
- Plaintiff Dunte Laramore – $379.88 in unpaid wages and $379.88 in liquidated damages, for a total of $759.76.

(Doc. 22-1 ¶ 1(a).) Plaintiffs claimed to have been entitled to $2,100 each in owed wages. (Doc. 1 ¶ 22.)

Under 29 U.S.C. § 216(b), an employee damaged by a violation of the FLSA is entitled to unpaid minimum wages or unpaid overtime compensation, plus an additional, equal amount, as liquidated damages. On review, I find that the settlement sums the parties have agreed to accept in satisfaction of their claims to be fair and reasonable, considering that all parties are represented by counsel and wish to avoid the risk and further expense of litigation. Thus, I find that the settlement sum represents a fair resolution of a *bona fide* dispute between the parties and that Plaintiffs have not unfairly compromised their claims.

**B. Attorney's Fees**

Plaintiffs' attorney will receive a total of $3,000 in attorney's fees. (Doc. 22-1 ¶ 1(b).) Pursuant to 29 U.S.C. § 216(b), "[t]he court [in an FLSA action] shall . . . allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." The parties represent that Plaintiffs' attorney's fees were negotiated separately from the damages amount received by Plaintiffs and the settlement is otherwise reasonable on

its face; therefore, further review is not required. (Doc. 22 ¶ 5); *Bonetti v. Embarq Mgmt. Co.*, 715 F. Supp. 2d 1222, 1228 (M.D. Fla. 2009) (If the parties "represent[] that the plaintiff's attorneys' fee was agreed upon separately and without regard to the amount paid to the plaintiff, . . . the Court will approve the settlement without separately considering the reasonableness of the fee to be paid to plaintiff's counsel.").

**C. Release**

The parties have agreed to the following release:

> In exchange for the good and valuable consideration extended hereunder, Employees and Employer hereby knowingly, willingly, and voluntarily settle, waive, release, and forever discharge the other from any and all rights, claims, debts, demands, actions, causes of action, suits, costs, damages (including back pay, bonus payments, benefits, wages, front pay, liquidated damages, compensatory damages, punitive damages, attorney's fees and litigation costs and interest available), expenses, obligations and other liabilities whatsoever, and specifically including actions to or for equitable or declaratory relief of any kind, whether or not asserted by Employee, Employer, and/or the Released Parties, that are included and/or related to the claims in the present lawsuit and specifically releasing all claims to unpaid wages and possibly arising under the Fair Labor Standards Act and the Florida Minimum Wage Act.

(Doc. 22-1 ¶ 4.)

General releases in FLSA cases are frequently viewed as "a 'side deal' in which the employer extracts a gratuitous (although usually valueless) release of all claims in exchange for money unconditionally owed to the employee" and therefore, such releases "confer[] an uncompensated, unevaluated, and unfair benefit on the employer." *Moreno*, 729 F. Supp. 2d at 1351–52 (footnote omitted). As such, "[a]

compromise of an FLSA claim that contains a pervasive release of unknown claims fails judicial scrutiny." *Id.* at 1352.

Judges in this District have found releases similar to the one presented here to pass judicial scrutiny because they do not require Plaintiffs to release unknown claims that are unrelated to their FLSA and wage claims. *Pond v. Red Lambda, Inc.*, No. 6:19-cv-1975-ORL-37EJK, 2020 WL 4808744, at *4 (M.D. Fla. Aug. 3, 2020) (recommending approval of release of "unpaid wage and hou[r] and/or related claims arising solely out of the same facts or circumstances related to those in the above-captioned action"), *report and recommendation adopted*, 2020 WL 4785449 (M.D. Fla. Aug. 18, 2020); *Batchelor v. Gen. Mar. Corp.*, No. 6:15-cv-2082-Orl-41KRS, 2016 WL 4467136, at *1 (M.D. Fla. Aug. 24, 2016) (approving release where it was "limited to wage claims"); *Monahan v. Rehoboth Hosp., Inc.*, 6:15-cv-1159-Orl-40KRS, 2015 WL 9258244, at *2 (M.D. Fla. Dec. 18, 2015) ("The undersigned sides with those decisions holding that a release in an FLSA settlement is generally reasonable so long as it is narrowly-tailored to the wage claims asserted in the complaint."). Therefore, because the Release provision releases only Plaintiffs' FLSA claims and related wage claims against Defendants, I recommend that the Court find that this Release passes judicial scrutiny. *See Moreno*, 729 F. Supp. 2d at 1351–52 (footnote omitted).

## IV. RECOMMENDATION

Upon consideration of the foregoing, I **RESPECTFULLY RECOMMEND** that the Court:

1. **GRANT** the parties' Third Motion for Settlement Approval and Dismissal with Prejudice (Doc. 22);
2. **FIND** that the parties' Agreement (Doc. 22-1) is a fair and reasonable resolution of a *bona fide* dispute under the FLSA;
3. **DISMISS** the case **WITH PREJUDICE**; and
4. **DIRECT** the Clerk of Court to close the file.

**NOTICE TO PARTIES**

The party has fourteen days from the date the party is served a copy of this report to file written objections to this report's proposed findings and recommendations or to seek an extension of the fourteen-day deadline to file written objections. 28 U.S.C. § 636(b)(1)(C). A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1; 28 U.S.C. § 636(b)(1).

**If the parties do not object to this Report and Recommendation, then they may expedite the approval process by filing notices of no objection.**

Recommended in Orlando, Florida on August 14, 2023.

EMBRY J. KIDD
UNITED STATES MAGISTRATE JUDGE